IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HYDROCARB ENERGY CORP.** | § | Case No. 16-31922 |
| | § | |
| Debtor | § | (Chapter 11) |
| _____ | § | _____ |
| | § | |
| **GALVESTON BAY ENERGY, LLC** | § | Case No. 16-31923 |
| | § | |
| Debtor | § | (Chapter 11) |
| _____ | § | _____ |
| | § | **Joint Administration Pending** |

### EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED, IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON FRIDAY, APRIL 15, 2016, AT 11:00 a.m. IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Hydrocarb Energy Corporation ("HECC"), debtor in the above-captioned bankruptcy case, hereby files its Expedited Motion for Order Authorizing Joint Administration of the above-referenced cases under FED. R. BANKR. P. 1015(b)(4) ("Rule 1015(b)") and Local Bankruptcy Rule 1015-1, and in support thereof shows the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Southern District of Texas General Order 2012-6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 1015-1, the instant Motion for Joint Administration is filed in the court with the lowest case number of the cases for which joint administration is sought.

## II.
## BACKGROUND

2. On April 12, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

3. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. The Debtors have requested joint administration of these chapter 11 cases by motion filed concurrently herewith. No trustee or examiner has been appointed in these cases.

A.      **The Debtors' Business**

4.      HEC is a fully reporting public company engaged in the business of oil and gas exploration and production both domestically and internationally. Its principal offices are located at 800 Gessner, Suite 375, Houston, Texas 77024. Production is performed domestically through the assets held by HEC's wholly owned subsidiary GBE. International exploration is performed through a separate operating subsidiary Hydrocarb Corporation ("HCN").

5.      HEC and its subsidiaries (the "Companies") engage in the exploration, acquisition, development, and production of oil and gas properties in the United States and onshore in Namibia, Africa. The Companies maintain developed acreage offshore in Galveston Bay, Texas. In 2012, the Companies acquired, through the acquisition of Namibia Exploration Inc., a 39% non-operated working interest in a concession located onshore in Namibia, Africa. During December 2013, with the acquisition of Hydrocarb Corporation, the Companies acquired a 51% working interest in this onshore Namibia, Africa concession and now own a 90% working interest (100% cost responsibility) in this concession.

6.      GBE holds majority interests (approximately 93% working interest) and operates four fields in the shallow waters of Galveston Bay, Texas. The Companies have a net 17,176 acres held by production in Galveston Bay. Pursuant to the most recent reserve report, the Companies have over 2 million barrels of oil and additional gas in our proved reserves.

7.      Through HEC's subsidiaries, Namibia Exploration, Inc. ("NEI") and Hydrocarb Namibia Energy (Pty) Limited ("Hydrocarb Namibia") the Companies hold the rights to a 90% working interest (100% cost responsibility) in an onshore petroleum concession (the "Concession"), located in the Republic of Namibia, measuring approximately 5.3 million acres and covered by Petroleum Exploration License No. 0038 as issued by the Republic of Namibia

Ministry of Mines and Energy. The Companies hold a working interest in the Concession in partnership with the National Petroleum Corporation of Namibia Ltd. ("NPC Namibia").

8.   Currently, in 15% of the southeast corner of the concession, Netherland Sewall petroleum engineers have issued a report indicating 1.1 billion barrels in place of unrisked petroleum resource potential in the Oponono drilling lead.  After acquiring new Aeromagnetics and Gravity in 2014 the company has prepared a 750 kilometer 2D data acquisition over 15 other areas that appear the very similar to Oponono.

**B.**   **The Corporate Structure and Ownership of the Debtors**

9.   HEC is a publically traded entity, currently trading on the OTCQB Market under the stock symbol "HECC."  HEC was incorporated in Nevada on April 12, 2005 under the name Carlin Gold Corporation.  On September 5, 2006, HEC became Strategic American Oil Corporation and later changed its name to Duma Energy Corp.  On February 18, 2014, HEC changed its name from Duma Energy Corp. to Hydrocarb Energy Corp.

10.   Effective September 28, 2015, the Company filed a Certificate of Amendment to its Articles of Incorporation with the Secretary of State of Nevada, to (1) affect an amendment to the Company's Articles of Incorporation to increase the number of authorized shares of the Company's common stock to 1,000,000,000 shares; (2) affect an amendment to the Company's Articles of Incorporation to authorize 100,000,000 shares of "blank check" preferred stock (the "Blank Check Preferred Amendment"); (3) designate 10,000 shares of Series A 7% Convertible Voting Preferred Stock (the "Series A Amendment"); and (4) designate 35,000 shares of Series B Convertible Preferred Stock (the "Series B Amendment"), each of which amendments were approved by the stockholders of the Company at the Annual Meeting of Shareholders of the Company held on September 28, 2015.

11. HEC owns 100% of the issued and outstanding shares of Galveston Bay Energy, LLC, a Texas limited liability company, Hydrocarb Corporation ("HCN"), a Nevada corporation, and HCN owns 100% of Hydrocarb Namibia Energy (Pty) Limited, a company chartered in the Republic of Namibia.

**C.     Description of Secured Debt**

i.     Senior Secured Credit Agreement

12. Pre-petition HEC borrowed approximately $4,545,454 (the "August Credit Extension") pursuant to a Credit Agreement ("Credit Agreement") dated August 15, 2014 by and between HEC as borrower, Shadow Tree Capital Management LLC, a Delaware Limited Liability Company ("Shadow Tree"), as "Agent," and Shadow Tree and Quintium Private Opportunity Fund, LP, a Delaware limited partnership ("Quintium) as "Lenders" (the "Senior Secured Lenders"). In May of 2015, pursuant to the Credit Agreement, the Debtors borrowed an additional $356,724 from Shadow Tree and $118,908 from Quintium (the "May Credit Extension," and, collectively with the August Credit Extension, the "Senior Secured Debt"). To secure its obligations under the Credit Agreement, HEC granted to the Senior Secured Lenders liens in substantially all of the Debtors' assets.

ii.     Typenex Note

13. On or about October 16, 2015, HEC issued a Secured Convertible Promissory Note (the "Typenex Note") to Typenex Co-Investment LLC in the amount of $1,730,000. As security for the Typenex Note, HEC pledged certain shares of HEC common stock along with HEC's shares in certain HEC subsidiaries.

**D.     Events Leading to Bankruptcy**

14.     In April of 2014, HEC executed a 3 to 1 reverse stock split at the suggestion of the NASDAQ to obtain major listing status.  Shortly after that HEC was notified by NASDAQ that due to an open investigation of the SEC, it could not be listed until the conclusion of the investigation.  This destroyed the company's plan to be listed on the NASDAQ and to execute a major secondary registration and equity raise.   Thus, in August of 2014, in need of capital and when the price of oil was approximately $100 per barrel, HEC turned to debt financing which required it to mortgage all its producing assets and to pledge the stock of all of its subsidiaries.

15.     HEC employed the debt to acquire and update production facilities and to perform maintenance and recompletions on its Galveston Bay producing assets.  The result was to more than double production, but as a result off the dramatically reduced price of oil, revenue did not increase – increasing the financial strain on HEC.

16.     Further, in early 2015, one of the fields owned and operated by the Debtor was shut in due to issues with a 3rd party production handling agreement that had to be renegotiated.  This shut-in prevented a third of HEC production from coming online as planned in early 2015 and such production was delayed until June, July, August, and September 2015.

17.     After obtaining further funding from the Senior Secured Lenders, by September 2015, the Debtors were obtaining projected production levels.  Although production more than doubled from August 2014 to January 2016, operating revenues for the six months ending January, 2016 stayed comparatively flat year over year at approximately $1.9 million.  Net losses increased from ($3.7) million to ($11.3) million on a comparative 6-month period for the quarter ending January 31, 2016.  As a result of declining revenue, the Debtors failed to make required interest payments on the Senior Secured Debt triggering a default under the Credit Agreement.

## III.
## RELIEF REQUESTED

18. By this Motion, the Debtors request entry of an order, under Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b) and 2002(n), and Local Bankruptcy Rule 1015-1, consolidating the Chapter 11 Cases for procedural purposes only and waiving the requirement that the Debtors' captions and certain notices in the Chapter 11 cases contain certain identifying information.

## IV.
## EXPEDITED RELIEF SOUGHT

19. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court order joint administration of the estates of the debtor and such affiliates.

20. The Debtors are part of the same business enterprise, with GBE being the wholly-owned subsidiary of HEC. According to Federal Rule of Bankruptcy Procedure 1015, the primary considerations to be weighed by the Court when considering joint administration are (1) protecting creditors of different estates against potential conflicts of interest; and (2) avoiding unnecessary costs and delays.

21. HEC is the publicly-traded parent company owning 100% of GBE, the operational arm doing business in Galveston Bay. Management and operations of the two Debtors is comprised of largely the same individuals, and both Debtors share the largely the same creditors. The undersigned counsel is unaware of potential conflicts of interest between the above-referenced debtors that would potentially harm these creditors. Joint administration will save substantial costs and prevent delays, which will serve the interests of both estates and their creditors, and will in turn foster the most expeditious and economical administration of the estates.

22.     The Debtors' estates will benefit from the reduced costs as a result of such joint administration.  Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **HYDROCARB ENERGY CORP., et al.,** | § | **Case No. 16-31922** |
| | § | |
| Debtors.[1] | § | **(Chapter 11)** |
| | § | **Jointly Administered** |

23.     Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n).

24.     The Debtors submit that use of this simplified caption without full tax identification numbers will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors and their respective case numbers, and the last four digits of their tax identification numbers. All such pleadings will also include a note specifying that the Chapter 11 cases are "Jointly Administered." Moreover, the full tax identification numbers will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) and Local Bankruptcy Rule 1015(i) have been satisfied.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Hydrocarb Energy Corp. (0930); Galveston Bay Energy, LLC (0569).

25. In addition, the Debtors request that the Court make a separate docket entry on the dockets of Galveston Bay Energy, LLC substantially as follows:

> An order has been entered in this case consolidating this case with the case of Hydrocarb Energy Corp., Case No. 16-31922, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16- 31922 should be consulted for all matters affecting this case.

26. It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings and other matters involved in the Chapter 11 Cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

## V.
## NOTICE

Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Debtors' prepetition secured lenders; and (c) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors. The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: April 14, 2016.

Respectfully submitted,

**OKIN & ADAMS LLP**

By: */s/ Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email: cadams@okinadams.com
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
David L. Curry, Jr.
State Bar No. 24065107
Email: dcurry@okinadams.com
John Thomas Oldham
Texas Bar No. 24075429
Email: joldham@okinadams.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**PROPOSED COUNSEL FOR
HYDROCARB ENERGY CORPORATION AND
GALVESTON BAY ENERGY, LLC**