UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HYDROCARB ENERGY CORP. | § § | CASE NO. 16-31922 (Chapter 11) |
| debtor | § § | |
| _____ | § § | _____ |
| GALVESTON BAY ENERGY LLC | § § | CASE NO. 16-31923 (Chapter 11) |
| debtor | § § | |
| _____ | § | _____ |

**MOTION BY CREDITOR PAUL BLASINGAME FOR RELIEF FROM AUTOMATIC STAY TO PROSECUTE A PENDING STATE COURT LAWSUIT**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON MAY 26, 2016 AT 10:00AM IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002**

1.      Comes Now, Paul Blasingame (creditor), holding fully-insured claims against HydroCarb Energy Corp. and Galveston Bay Energy LLC, the Debtors in the above-captioned chapter 11 cases, and files this motion under Fed. R. BKRTCY P. 4001 (a)(l) to modify the automatic stay under 11 U.S.C. 362(a) to allow Blasingame to proceed with prosecution of its state court lawsuit against Debtors, HydroCarb Energy Corp. and Galveston Bay Energy LLC.

2.      Mr. Blasingame is the plaintiff in a personal injury lawsuit filed against Debtors HydroCarb Energy Corp. and Galveston Bay Energy LLC, pending in the 189th District Court in Harris County Texas, case number 2014-45445. This case is currently set for trial on May 9, 2016.  Importantly, Mr. Blasingame's claims against both debtors are covered by (1) primary protection and indemnity insurance with Cogent Resources LTD., (2) Maritime Employer Liability insurance with Howden Insurance, and (3) additionally by an excess insurance policy with J.H. Blades & Co. Inc, providing coverage for $10 million. See Exhibit A, B and C.  The debtors are represented by counsel in the underlying state claim. With information and belief, the debtors' costs of defense are paid through the insurance policies. Moreover, Debtors have exceeded any deductible under the policies. See Exhibit A and B.  Finally, the excess insurance policy provides coverage for an additional $10 million.

3.      Therefore Creditor Blasingame requests that the Court lift the stay related to Blasingame's lawsuit pending in the 189th District Court in Harris County Texas, case

number 2014-45445.

## JURISDICTION

4. This Court has jurisdiction over this motion under 28 U.S.C. §§ 1334 and 157(b)(2)(G). This motion is brought pursuant to section 362(d)(2) of the Bankruptcy Code, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 4001 of this Court's rules. This motion for relief from stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

5. On October 1, 2013, Galveston Bay Energy assigned Mr. Blasingame and the other members of the crew of the M/V Rhea to work on a project at Trinity Bay Well No. 37. Well No. 37 was not properly maintained and was in severe disrepair, including not having a functional boat landing to properly dock the vessel or grating to permit personnel safe access to the well. While trying to re-board the vessel, because of the lack of a boat landing to secure the vessel or grating to allow a safe place for Mr. Blasingame to stand, the vessel crushed Mr. Blasingame into the well equipment. Mr. Blasingame sustained a broken pelvis and injuries to his spine that have required one surgery to date. Mr. Blasingame then filed a claim under the Jones Act and General Maritime law against HydroCarb and Galveston Bay Energy in the 189th District Court in Harris County Texas, case number 2014-45445

6. The Harris County case is currently set for trial on May 9, 2016. Additionally the

parties agreed to mediation on May 2, 2016. Subsequently, both HydroCarb and Galveston Bay Energy LLC have initiated chapter 11 bankruptcy proceedings.  Last Friday, April 22, 2016, debtors both filed a notice of stay in bankruptcy under 11 U.S.C. §362.

7. Claimant Paul Blasingame now files this motion to lift stay to pursue his insured claims against HydroCarb and Galveston Bay Energy LLC.  Specifically, Mr. Blasingame should be allowed to pursue his claims in the state court case because the debtors are represented by counsel in the underlying state claim, the debtors' costs of defense are paid through the insurance policies, and Debtors have exceeded any deductible under the policies. See Exhibit A and B.  Therefore, proceeding to trial will not harm the debtor's chapter 11 assets.  Moreover to the extent that insurance does not cover a judgment received in the state case, Mr. Blasingame will not take any action against property of the debtors' chapter 11 assets in collecting that claim without the prior consent of this Court.

## RELIEF REQUESTED

8. Blasingame requests that the Court modify the automatic stay to allow Blasginame to prosecute the state court lawsuit to final judgment or settlement for the following reasons:

> a. Blasingame agrees that he will liquidate the amount of his claim against debtors HydroCarb and Galveston Bay Energy in the state court lawsuit, but will not take any action against property of the debtors' chapter 11 assets in collecting that claim without the prior consent of this Court;

    b. Blasingame agrees that if he resolves his claims against debtors in the state court lawsuit by receiving a settlement payment from the debtors' insurers, then (1) his claims against the debtors will be fully and finally satisfied and settled by such settlement payment and (2) he will not assert any entitlement to further proceeds from debtor's chapter 11 estate in arising to his state court claims.

    c. The amount of Blasingame's claim needs to be liquidated and this Court has limited jurisdiction to liquidate the amount of his claims involved in the state Court lawsuit under 28 U.S.C. § 1334(c)(2).

9. The requested relief is in the best interest of the debtors and the creditors for the following reasons:

    a. The relief increases the prospect that the state court lawsuit will be settled during mediation on May 2, 2016, which is in the interests of justice and judicial economy.

    b. The relief requested does not prejudice debtors because they are defended by defense counsel in the state court lawsuit and with information at belief that defense is at no cost to debtors. See Exhibit A and B.

**CERTIFICATE OF CONFERENCE**

10.    Creditor's counsel certifies that it conferred with debtor's counsel who is opposed to the motion. Creditor's counsel also conferred with the trustee on April 23rd and 27th,

who has not stated if he opposes the motion. Therefore, Mr. Blasingame lists this motion as opposed.

11.     Accordingly, Blasingame requests that the Court modify the automatic stay under section 362(a) of the Bankruptcy Code to allow Blasingame to prosecute his claims and pursuant to the conditions set forth above.

> Respectfully submitted,
> Doyle LLP
>
> _____
> MICHAEL PATRICK DOYLE
> State Bar No. 06095650
> PATRICK M. DENNIS
> State Bar No. 24045777
> JEFFREY AVERY
> State Bar No. 24085185
> DOYLE LLP
> 3401 Allen Parkway, Suite 100
> Houston, Texas 77019
> Phone: (713) 571-1146
> Fax:   (713) 571-1148
> service@doylelawfirm.com
>
> **ATTORNEYS FOR CREDITOR**
> **PAUL BLASINGAME**

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 28th day of April, 2016, via ECF, hand delivery, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure:

_____
MICHAEL P. DOYLE